ORIGINAL

EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
Chief, Major Crimes Section

WES REBER PORTER           #7698
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

[Filed stamp: UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII, JAN 18 2006, at 10 o'clock and 30 min. AM, SUE BEITIA, CLERK]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00372 SOM |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM OF PLEA AGREEMENT** |
| vs. | ) | |
| CATHLEEN A. FREITAS, | ) | |
| Defendant. | ) | DATE: January 18, 2006 |
| | ) | TIME: 9:30 a.m. |
| | ) | JUDGE: Susan Oki Mollway |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant CATHLEEN A. FREITAS and her attorney, Cynthia Kagiwada, Esquire, have agreed upon the following:

1.   The Defendant acknowledges that she has been charged in the 24-count Indictment with, conspiracy to commit bank fraud (Count 1), bank fraud (Counts 2 through 23), in violation of Title 18, United States Code, Sections 1344 and 1349 and, second, aggravated identify theft (Count 24), in violation of Title 18, United States Code, Section 1028A.

2.   The Defendant has read the charges against her contained in the Indictment and those charges have been fully explained to her by her attorney.

3.   The Defendant fully understands the nature, elements and penalties of the crimes with which she has been charged.

4.   The Defendant will enter a voluntary plea of guilty to Counts 1 and 24 of the Indictment charging her with conspiracy to commit bank fraud and aggravated identity theft respectively.  Defendant agrees to pay restitution to all victims in the case, including but not limited to, those identified in the indictment by their initials and their respective financial institutions.

The parties agree to the applicability of a four-level enhancement pursuant to Section 2B1.1(b)(1)(C), because the fraud amount is greater than $10,000.  In exchange for her guilty plea, the United States agrees to dismiss the remaining counts of the Indictment after sentencing.  Lastly, the parties have made

certain factual and legal stipulations regarding sentencing as set forth in paragraphs 8 and 10 below.

5. The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The Defendant enters this plea because she is in fact guilty of conspiracy to commit bank fraud and aggravated identity theft as charged in Counts 1 and 24 of the Indictment, respectively.

7. The Defendant understands that the penalties for the offenses to which she is pleading guilty include:

As to Count 1 (conspiracy to commit bank fraud):

a. up to 30 years imprisonment; a fine of up to $1,000,000; a term of supervised release of up to five years; and a $ 100 special assessment;

As to Count 24 (aggravated identity theft)

b. a term of imprisonment of two years (which shall run consecutively to any term of imprisonment imposed as to Count 1 of the Indictment); a fine of up to $250,000; a term of supervised release of up to five years; and a $ 100 special assessment;

c. The Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessment, before

the commencement of any portion of sentencing. The Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

        d.   The Defendant further agrees to make restitution to all the victims in the case, including the victims identified in the indictment by their initials and/or their respective financial institutions.

8.   The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the Defendant is pleading guilty:

        a.   From December 2004 and continuing thereafter until January 2005, in the District of Hawaii, the defendant, CATHLEEN A. FREITAS, unlawfully and knowingly executed, attempted to execute, and conspired to execute a scheme and artifice to defraud the Bank of Hawaii, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the Bank of Hawaii by means of material false and fraudulent pretenses, representations, and promises.

        b.   The Bank of Hawaii was insured by the Federal Deposit Insurance Corporation.

c.  FREITAS conspired with others as part of the scheme and artifice to steal, alter, and, without the authority of the owner/drafter of the check, deposit the following personal checks, in the following amounts drawn from valid accounts from the following banks, into a Bank of Hawaii checking account, bearing Account Number xxxx-xx2999 and belonging to B.S. ("BOH account"):

| DATE | CHECK # | AMOUNT (orig. amt) | BANK | PAYEE (orig. payee) |
|---|---|---|---|---|
| Checks Deposited into BOH Account: (Acct #:xxxx-xx2999) | | | | |
| 1/6/05 | 3334 | $1,899 (1,899) | FHB | B.S. (Countrywide Bank) |
| 1/7/05 | 1859 | $4,700 (47.70) | BOH | B.S. (Oceanic Cable) |
| 1/14/05 | 5225 | $727 (127.67) | BOH | B.S. (Macy's) |
| 1/14/05 | 1443 | $650 (650) | FHB | B.S. (BMW Financial) |

d.  Between on or about January 6, 2005 and on or about January 10, 2005, in the District of Hawaii, FREITAS, as part of the scheme and artifice and in furtherance of the conspiracy to commit bank fraud, knowingly used with an intent to defraud a stolen ATM card and PIN number for the BOH account to make eighteen (18) ATM withdrawals from the BOH account and by such conduct obtained, in the aggregate, $2,960 during that period from BOH account #xxxx-xx2999.

    e. FREITAS knew that all of the checks that she passed and statements promises to pay in said checks, were material, false and performed with an intent to defraud.

    f. FREITAS did knowingly use, in and affecting interstate commerce, without lawful authority, one or more "means of identification" of another person, to wit, the name and electronic identification number belonging to B.S., an actual person, during and in relation to the conspiracy to commit bank fraud described above.

    g. FREITAS assumed the identity of B.S., an actual person, for the purpose of using his bank account and funneling stolen or altered checks into his account and then taking the funds out for her own personal gain.

   9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

   10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

         a.    Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

         b.    Sentencing stipulations:

         (i)    The parties agree to the applicability of a four-level enhancement pursuant to Section 2B1.1(b)(1)(C), because the fraud amount is greater than $10,000.

         (ii)    Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the Defendant has clearly demonstrated acceptance of responsibility for the offense, entitling her to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). The government further agrees that because the Defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the Defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2); and

         (iii)    The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue that

the Defendant has not accepted responsibility in the event of receipt of new information relating to that issue, and (2) to call and examine witnesses on that issue in the event that the probation office finds to the contrary of the prosecution's intentions or the court requests that evidence be presented.

      11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

      12.   The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

      a.   The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in

8

subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal that portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  13. The Defendant understands that the Court in imposing sentence will consider the provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a). The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The

Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

       15.  Defendant understands that by pleading guilty she surrenders certain rights, including the following:

       a.  If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

       b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing

all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

        c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

        e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

        16.  Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

        17.  Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that she will fully cooperate with the United States.

   a. She agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

   b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United

States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her ~~his~~ counsel present at those conversations, if she so desires.

        c. Defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests her ~~him~~ to testify.

        21. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

        22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code,

Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b.  This Agreement does not require the prosecution to make such a request or motion.

    c.  This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

//

//

//

//

Guidelines or to impose a sentence below the minimum level established by statute.

DATED: January ___, 2006, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
RONALD G. JOHNSON
Chief, Major Crimes

_____
CATHLEEN A. FREITAS
Defendant

_____
WES REBER PORTER
Assistant U.S. Attorney

_____
CYNTHIA KAGIWADA
Attorney for Defendant

15