IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00372 SOM |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW |
| vs. ) | |
| ) | |
| CATHLEEN A. FREITAS (01), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW**

**I.     FACTUAL BACKGROUND**

On September 14, 2005, the government indicted Cathleen Freitas (Ms. Freitas) for conspiracy to commit bank fraud, bank fraud, and aggravated identity theft.  On January 18, 2006, Ms. Freitas entered a plea of guilty to Count 1 (conspiracy to commit bank fraud) and Count 24 (aggravated identity theft) of the indictment.  This court has scheduled a sentencing hearing for Ms. Freitas for May 30, 2006.

On October 12, 2005, Magistrate Judge Kurren ordered Ms. Freitas released upon the condition that she enter into the residential treatment program at Habilitat.  Habilitat is a long-term full-time residential treatment facility with a program that ranges from twenty-four to thirty months.  *See*

March 13, 2006 letter from Habilitat Facility Director Jeff Nash attached hereto as Exhibit "A." Habilitat has been providing substance abuse treatment for more than thirty-three years and its program is extensive; the program includes three phases: treatment, re-entry and vocational training, and post re-entry. *See* Exhibit "B" at 4, 7-11. The treatment phase focuses primarily on teaching the residents responsibility, self-reliance, self-awareness, confidence and a commitment to change. *See* Exhibit "B" at 8. The treatment phase lasts for approximately six months. *See* Exhibit "B" at 9. During the next phase, re-entry, residents receive vocational training and must learn a practical and marketable skill. *See id.* Habilitat has diverse vocational training programs such as food services, masonry, landscaping, carpentry, telemarketing, data entry, and information technology. *See* Exhibit "B" at 4, 11-24. Additionally, during the re-entry phase emphasis is placed on residents learning responsibility and accountability. *See* Exhibit "B" at 9. Finally, during the post re-entry phase, residents gradually transition back into mainstream society. *See* Exhibit "B" at 10. During the final eighteen months at Habilitat, residents learn the values of hard work, commitment, and integrity in a work setting. *See* Exhibit "B" at 11.

Since October 12, 2005, Ms. Freitas has been a resident of Habilitat's long-term residential treatment program. *See* Exhibit "A." Ms. Freitas has

been "making steady progress towards becoming a responsible and productive member of society." *See id.* According to the directors of Habilitat, any disruption in Ms. Freitas's treatment will lead to recidivism. *See id.* Additionally, the directors of Habilitat believe that "[r]eturning Ms. Freitas to a jail setting would undoubtedly bring back the side of Cathleen that brought her to the system in the first place." *See id.*

## II. ARGUMENT

Ms. Freitas moves for a continuance of her May 30, 2006 sentencing hearing, in order to allow her to complete her residential treatment program at Habilitat and thereby increase her chances of becoming a productive member of society and lessening her chances of recidivism.

Although the district court must impose sentence without unnecessary delay, *see* Fed. R. Crim. P. 32(b)(1), the court may for good cause change the time limits regarding sentencing and judgment, *see* Fed. R. Crim. P. 32(b)(2). One of the factors that the court must consider in imposing a sentence is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D); *see also United States v. Bad Marriage*, 392 F.3d 1103, 1114 (9th Cir. 2004) ("The underlying purposes of sentencing include not only punishment and deterrence, but also the

provision of treatment to a defendant in need of it"). Furthermore, in determining whether a term of imprisonment is an appropriate sentence, the court should recognize that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a); *see also United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994). The United States Sentencing Guidelines also recognize the importance of rehabilitation in reducing recidivism: "Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4.

In the instant case, good cause exists for the continuance of Ms. Freitas's sentencing hearing. *See* Fed. R. Crim. P. 32(b)(2). Ms. Freitas is clearly in need of treatment for her drug addiction. *See* Exhibit "A." She has been incarcerated on at least two occasions due to drug related charges. *See id.* She has been making steady progress in the residential treatment program at Habilitat after six months and is committed to finishing the program. *See id.* However, she still needs between eighteen to twenty-four months to complete the program. *See id.* According to the directors of Habilitat, any disruption in Ms. Freitas's treatment will lead to recidivism and likely result in Ms. Freitas returning to her pre-incarceration habits. *See id.* Thus, in order to meet the sentencing goals of providing rehabilitation and treatment to Ms. Freitas, and lessening the probability of recidivism, Ms.

Freitas's sentencing hearing should be continued to allow her to complete the program at Habilitat. *See* 18 U.S.C. §§ 3553(a)(2)(D), 3582(a).

Additionally, Ms. Freitas is facing a mandatory minimum sentence of two years imprisonment based on the charge of aggravated identity theft in Count 24 of the indictment. *See* 18 U.S.C. § 1028(a)(1). Because of this mandatory term of imprisonment, this court may not permit Ms. Freitas to continue in the rehabilitation program at Habilitat following sentencing and the entry of the final judgment. *Cf. United States v. Martin*, 938 F.2d 162, 164 (9th Cir. 1991) (affirming district court' denial of defendant's request to continue rehabilitation program because court was required to apply guideline sentence and substance abuse program did not provide valid reason for departure).

Alternatively, if the court is unwilling to grant Ms. Freitas's motion to continue her sentencing hearing, Ms. Freitas requests that the court stay the mittimus following sentencing in order to allow her to complete Habilitat's residential treatment program.

### III. CONCLUSION

For the foregoing reasons, Ms. Freitas requests that this court grant her motion to continue her sentencing hearing for seventeen months, in order to allow her to complete Habilitat's residential treatment program.

Alternatively, Ms. Freitas requests that this court stay the mittimus following sentencing for a period of seventeen months, in order to allow her to complete Habilitat's residential treatment program.

DATED:  Kaneohe, Hawaii, April 28, 2006

Respectfully submitted,

     /s/ Cynthia A. Kagiwada
CYNTHIA A. KAGIWADA
Attorney for Defendant
CATHLEEN A. FREITAS